197 Cal.App.3d 933 (1988)
243 Cal. Rptr. 185
In re DAMIAN V. et al., Minors.
MERCED COUNTY DEPARTMENT OF HUMAN RESOURCES, Petitioner and Respondent,
v.
MARIA V., Objector and Appellant.
In re DAMIAN V. et al., Minors.
MERCED COUNTY DEPARTMENT OF HUMAN RESOURCES, Petitioner and Respondent,
v.
ANDREW V., SR., Objector and Appellant.
Docket Nos. F008225, F008361.
Court of Appeals of California, Fifth District.
January 14, 1988.
*934 COUNSEL
Howard M. Hoffman and Jeff Reich, under appointments by the Court of Appeal, for Objectors and Appellants.
Dennis L. Myers, County Counsel, and Allen R. Berrey, Deputy County Counsel, for Petitioner and Respondent.
John P. Hannon II, under appointment by the Court of Appeal, for Minors.
[Opinion certified for partial publication.[*]]
OPINION
MARTIN, Acting P.J.
On August 26, 1986, a petition to declare minors Damian V. and Andrew V., Jr., free from parental custody and control was *935 filed in Merced County by the Merced County Department of Human Resources pursuant to Civil Code section 232.[1]
On November 14, 1986, Temporary Judge Milbourne Gwin granted the petition as to the mother, Maria V., who failed to appear. Andrew V., Sr., the father, appeared and objected to the petition and the matter was set for hearing.
On January 9, 1987, Maria V. filed a timely notice of appeal from the judgment freeing her minor children from her care, custody and control.
On February 2, 1987, the hearing on the petition as to the father, Andrew V., Sr., commenced before Merced County Superior Court Judge George C. Barrett. After receiving testimony the matter was continued until February 9, 1987, at which time additional testimony was produced and the matter was again continued until February 11. On February 11, 1987, the court found the children came within the provisions of section 232, subdivisions (3) and (7); it would be detrimental for the children to be returned to the custody and control of their father, Andrew V., Sr.; and the children were declared free from his custody and control.

FACTS[*]
.... .... .... .... .... .

DISCUSSION

I. ISSUES RAISED ON APPEAL BY THE MOTHER AND/OR THE CHILDREN REGARDING TERMINATION OF THE PARENTAL RIGHTS OF THE MOTHER[2]
The mother and/or the minor children raise a number of issues and arguments herein which, in their view, mandate reversal of the order terminating parental rights of the mother. Specifically: (1) sufficiency of the evidence in support of the petition; (2) compliance with Penal Code section 2625; (3) effect of lack of stipulation as to a temporary judge presiding at the *936 hearing; (4) failure of the trial court to appoint counsel for minors for hearing on termination of mother's parental rights; and (5) consideration of alternatives less drastic than the termination of the parental relationship.
(1) In our view, and as we will explain, these contentions need not be separately addressed in this opinion. We will find that as to the mother, Maria V., the order of the temporary judge terminating her parental rights, upon this record, constituted not only reversible error but a nullity.
The November 14, 1986, hearing, at which the mother's parental rights were terminated, was held before Temporary Judge Milbourne Gwin. The record reflects that although properly cited, the mother did not appear at the hearing nor were the minor children present. Appearing were the father, without counsel, a deputy county counsel for the petitioner, and a social worker for the department of human resources. Neither mother nor the minor children were represented by counsel. Petitioner's counsel did not request the court to appoint counsel for these absent parties and the court did not appoint counsel for them sua sponte. The matter was never mentioned or discussed. As to the merits of whether or not to terminate mother's parental rights, the only information the trial court had before it was an unsworn, seven-page report of Marian Ledesma, a deputy probation officer for the County of Merced, which was prepared on behalf of the Merced County Department of Human Resources, which the court apparently read and considered. We will recite the entire portion of the November 14, 1986, transcript of the hearing relating to the termination of the mother's parental rights:
"MR. ORTEGA: Your Honor, this is a complaint with respect to the father, Andrew [V.], Sr., and the mother, Maria [V.]. It appears that the mother, Maria, is not present in court. She was looked for in the halls and she's not in the halls either.
"THE COURT: Was she served?
"MR. ORTEGA: Yes.
"THE COURT: Okay. For the record I think we ought to have the  we show David Ortega appearing for County Counsel's office.
"MR. HUBBART: Doug Hubbart from the Department of Human Resources.
"THE COURT: You're not an attorney?
*937 "MR. HUBBART: No.
"THE COURT: Okay. And Mr. [V.], the father, is present in court today.
"MR. ORTEGA: Yes, Your Honor. He was transported down from Vacaville pursuant to an order to transport.
"THE COURT: Okay. The inclination of the Court is to grant the petition because it appears to be in the best interest of the youngsters. They need to be placed in a position that somebody can take care of them, but I understand you want to object to that, is that correct, Mr. [V.]?
"MR. [V.]: Yes, I do, Your Honor. I don't feel that we should give up our parental rights because of the fact that we're incarcerated right now. My wife 
"THE COURT: You're not able to exercise any of your parental responsibilities. That's the problem.
"MR. [V.]: Perhaps at the present time we're not.
"THE COURT: It isn't a question of your rights. We're looking out for the welfare of the youngsters, and so I'm going to set this for a hearing as to you. As to the mother 
"MR. ORTEGA: The County would ask for an order granting the petition to declare the minors free from her parental custody and control under Civil Code Sections 232a(1), (3) and (7).
"THE COURT: Okay. That motion will be granted. If you'll prepare it, Mr. Ortega."
Article VI, section 21, of the California Constitution provides: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause."
California Rules of Court, rule 244(a) (hereinafter rule) states in pertinent part: "The stipulation of parties litigant that a case may be tried by a temporary judge shall be in writing and shall set out in full the name and office address of the member of the State Bar agreed upon to act as temporary judge, and shall be submitted to the presiding judge, or to the judge in whose department the case is pending in courts which do not have a presiding judge. If the member of the State Bar agreed upon consents to act and if *938 the selection is approved by the judge, the approval and order designating the person selected as temporary judge shall be endorsed upon the stipulation, which shall then be filed. The temporary judge selected shall take and subscribe the oath of office, which shall be attached to the stipulation and order of approval, and the case shall then be assigned to the temporary judge for trial. After the filing of the oath, the temporary judge may proceed with the hearing, trial and determination of the case." (Italics added.)
The record reflects Mr. Ortega, Deputy County Counsel, and the father, Andrew V., stipulated to Mr. Gwin acting as a temporary judge and Superior Court Judge Michael Hider approved and ordered Mr. Gwin appointed as temporary judge in the instant case. Of course, neither the mother or the minor children, or counsel on their behalf, joined in that stipulation. This latter fact causes us substantial concern regarding the validity of the trial court's subsequent order terminating the mother's parental rights. However, there is another, more immediate, problem which we must address. We have reviewed the entire record in this matter, and are unable to locate any evidence or indication the temporary judge ever took and/or subscribed to the oath of office as required by article VI, section 21 before proceeding to hear this matter. The subscription of the oath of office is not attached to the stipulation and order of approval, as required by rule 244, nor is it contained elsewhere in the file. From the record before us, we must conclude the temporary judge never complied with these mandatory requirements.
The question then is what effect such failure to comply with the constitutional requirements and the requirements of rule 244 has upon the order terminating the mother's parental rights. The relevant part of rule 244, "the temporary judge selected shall take and subscribe the oath of office which shall be attached to the stipulation and order of approval, and the case shall then be assigned to the temporary judge for trial," is couched in mandatory language and suggests failure to comply with the specific conditions precedent would nullify or void any subsequent rulings or orders by the temporary judge. In our independent research of this issue we have found no cases directly on point. In Thompson & Booth v. Danforth (1856) 1 Cal. Unrep. 28, our Supreme Court concluded a trial before an attorney, acting as a judge under no authority other than the consent of the parties, is a nullity. (See also In re Mark L. (1983) 34 Cal.3d 171, 178, fn. 5 [193 Cal. Rptr. 165, 666 P.2d 22].)
While Thompson & Booth is distinguishable upon its facts and occurred prior to the enactment of article VI, section 21, and rule 244, its conclusion *939 is appropriate here. Although petitioner and the father consented to the matter being heard by a temporary judge, the mother and the minor children did not. Coupled with the failure of the proposed temporary judge to qualify to act as a temporary judge, at least as to the absent and unrepresented mother and minor children, we conclude, as did our Supreme Court in Thompson & Booth, the order of Temporary Judge Gwin terminating the mother's parental rights was a nullity, i.e., a void act. In our view, the unsworn temporary judge lacked legal authority to proceed with this matter and the error was jurisdictional. The matter must be reversed and remanded to the trial court for such further proceedings as deemed appropriate by the Merced County Department of Human Resources.[3]
In view of our conclusion reversing the trial court's order terminating the mother's parenting rights, we will not address in detail the other various issues (ante) raised by the mother and/or the children as to that order. However, upon remand and further proceedings to terminate the mother's parental rights, we note she is entitled to counsel at all stages of the proceedings. We also conclude that the interests of the minors in this case require protection, whether or not the mother appears and contests the petition, and counsel should be appointed for them. (In re Richard E. (1978) 21 Cal.3d 349, 354 [146 Cal. Rptr. 604, 579 P.2d 495]; In re Dunlap (1976) 62 Cal. App.3d 428, 439 [133 Cal. Rptr. 310].) Finally, before ruling on any petition to terminate the mother's parental rights, the trial court should consider the wishes of the minor children and make findings as to the best interests of the children. (§ 232, subd. (b).)

II.-IV.[*]
.... .... .... .... .... .
The order declaring the minors free from parental custody and control of the father, Andrew V., Sr., is affirmed. The order declaring the minors free *940 from the parental custody and control of the mother, Maria V., is reversed and remanded to the trial court for further proceedings.
Best, J., and Pettitt, J.,[**] concurred.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts and parts II through IV.
[1] All statutory references are to the Civil Code unless otherwise indicated.
[*] See footnote, page 933, ante.
[2] Respondent contends that the mother cannot contest the findings or the sufficiency of the evidence below as she did not appear and was in default. We need not consider respondent's argument as it is clear, and this court has previously determined, that the minors have standing to raise issues on behalf of a parent (In re Bryon S. (1986) 176 Cal. App.3d 822, 825 [223 Cal. Rptr. 319]) and the minors have done so in this case.
[3] It is our view that the above reasoning and result does not apply to the father here. As previously stated, the father was present and stipulated to Temporary Judge Gwin's acting as judge at the November 14, 1986, hearing. In addition, at that hearing Temporary Judge Gwin only appointed counsel to represent the father and continued the hearing, as to him, to a later date. Thereafter, the petition to terminate father's parental rights was heard by a sitting superior court judge for the County of Merced. Thus, we conclude, the father was not prejudiced by any action or order of Temporary Judge Gwin. This result also comports with the reasoning and result in In re Mark L., supra, 34 Cal.3d 171, although that case involved application of California Constitution, article VI, section 21, and rule 244(b).
[] Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.